IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
|     Plaintiff : | |
| : | |
| v. : | CRIMINAL NO. 1:CR-06-118 |
| : | |
| PAUL E. REINHART, JR., a/k/a : | |
| TED REINHART, : | |
|     Defendant : | |

*M E M O R A N D U M*

*I.     Introduction*

On April 6, 2010, defendant Paul E. Reinhart, an inmate at FCI-Loretto, filed the instant motion pursuant to 28 U.S.C. § 2255 challenging his guilty plea. Reinhart contends that he was abandoned by his retained attorney, Joseph D'Andrea, prior to filing a pro se motion to withdraw his guilty plea. Reinhart alleges that he requested his attorney seek withdrawal so defendant may proceed to trial. However, attorney D'Andrea failed to seek withdrawal, and instead abandoned the defendant forcing him to file a pro se motion to withdraw that we subsequently denied. Reinhart contends that due to his attorney's actions he was denied effective assistance of counsel. After careful review, we will deny defendant's motion.

*II.  Background*

In March 2006, defendant was charged in a two-count indictment of manufacturing child pornography, 18 U.S.C. § 2251(a) & (e), and interstate transportation of a minor for sex, 18 U.S.C. § 2423(a).  On August 21, 2006, he pleaded guilty to the interstate transportation charge pursuant to a plea agreement.  Prior to sentencing, Reinhart retained the services of attorney D'Andrea.  After disagreements with his retained counsel, defendant filed a motion for appointment of counsel.  Contemporaneous with this motion, Reinhart sought to withdraw his guilty plea.  However, we denied his motion to withdraw, and sentenced him to 180 months imprisonment with a life term of supervised release.  Defendant appealed our order denying his request to withdraw his guilty plea, but our order was affirmed by the Third Circuit.  Subsequently, he filed the instant § 2255 petition.

*III.  Discussion*

In *Strickland*, the Supreme Court set forth a two-prong test for ineffective assistance of counsel claims.  A defendant must show that counsel's representation fell below an objective standard of reasonableness and that the deficient representation was prejudicial.  *Strickland*, 466 U.S. at 688.[1]  For the prejudice prong, a defendant must show a reasonable probability that, but for counsel's errors, the outcome of the proceeding would have been different.  *Id.* at 694.

---

[1] The court need not address both prongs if the petitioner has failed to satisfy one of them.  *Strickland*, 466 U.S. at 697.

Federal Rule of Criminal Procedure 11 governs the plea process. Rule 11(d) allows a defendant to withdraw a guilty plea for any or no reason if the defendant does so prior to the court's acceptance of the plea. *Id.* at 11(d)(1). If the defendant seeks to withdraw the plea after its acceptance but before sentencing, he may do so upon a showing of a fair and just reason. *Id.* at 11(d)(2)(B). 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962)). In determining whether defendant has shown fair and just reasons, we must consider: (1) whether defendant asserts his innocence; (2) the strength of defendant's reasons for withdrawal; and (3) whether the government would be prejudiced by the withdrawal. *United States v. Reinhart,* 275 F. App'x 156 (3d Cir. 2008)(citing *United States v. Brown,* 250 F.3d 811, 815 (3d Cir. 2001)).

Assuming *arguendo* that the allegations are true, D'Andrea's representation fell below an objective standard of reasonableness. In spite of this fact, defendant must show he was prejudiced by his counsel's actions in order to prevail on an ineffective assistance of counsel claim. Here, defendant fails to show he was prejudiced by the alleged behavior of his attorney. As we indicated previously, to prove prejudice, Reinhart must show a reasonable probability that, but for counsel's errors, the outcome of the proceeding would have been different. In the instant motion, defendant must show a reasonable probability that the court would allow him to withdraw his guilty plea. As the government argues, however, defendant has not asserted innocence or given the court his reasons for seeking withdrawal of his plea, other than his desire to have a jury trial. As we indicated in our previous order, a change of mind is not an adequate enough reason for withdrawal of a guilty plea. (*See* doc. 53.) Defendant has shown neither

3

adequate reasons for withdrawal of his plea, nor has he claimed actual innocence. Since he has failed to make the requisite showing for withdrawal of his plea, Reinhart fails to show he was prejudiced by his counsel's alleged actions because he cannot show that the outcome of the proceedings would have been different but for his counsel's errors. Thus, we will deny his claim of ineffective assistance of counsel.

Reinhart also claims he did not enter his guilty plea knowingly and voluntarily. Defendant has the burden of proving that his guilty plea was neither knowing nor voluntary. *United States v. Stewart,* 977 F.2d 81, 85 (3d Cir. 1992). When we look back to a defendant's statements at a plea hearing,

> the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).

Here, the record clearly shows that defendant entered his plea knowingly and voluntarily. While the factual details may have been in dispute, Reinhart indicated and we found that "Reinhart has made a voluntary and an informed decision, and we will accept his plea." (doc. 67.) We can find nothing in the record that would indicate otherwise. Thus, we will deny this ground for relief.

4

*IV.     Certificate of Appealability*

Based on the analysis in this Memorandum, we will deny a certificate of appealability.

/s/William W. Caldwell  
William W. Caldwell  
United States District Judge

Date: August 12, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : <br>     Plaintiff : <br> : <br> : <br> v. : <br> : <br> PAUL E. REINHART, JR., a/k/a : <br> TED REINHART, : <br>     Defendant : | CRIMINAL NO. 1:CR-06-118 |

*O R D E R*

AND NOW, this 12th day of August, 2010, upon consideration of defendant's motion under 28 U.S.C. § 2255 (doc. 78), and pursuant to the accompanying Memorandum, it is ordered that:

    1. Defendant's § 2255 motion is denied.

    2. A certificate of appealability is denied.

                                       /s/William W. Caldwell
                                       William W. Caldwell
                                       United States District Judge